**RICHARD J. STAHL, ESQ VSB #9129**
**Stahl, Forest & Zelloe, P.C.**
**11350 Random Hills Road, Suite 700**
**Fairfax, VA 22030**
**(703) 691-4940**
**(703) 691-4942 (fax)**

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| ln Re: | ) | |
| | ) | |
| COMMERCIAL SERVICES GROUP, INC., | ) | Case No. 05-12322-SSM |
| | ) | Chapter 11 |
|     Debtor-in-Possession. | ) | |

## DEBTOR'S PLAN OF REORGANIZATION

Commercial Services Group, Inc. (hereafter "CSGI"), the Debtor and Debtor-In-Possession in the above-captioned case, by counsel, proposes this Plan of Reorganization pursuant to 11 U.S.C. § 1121(a).

## ARTICLE 1
## DEFINITIONS

1.01. Administrative Claim means a Claim that has been allowed with administrative priority under § 503 of the Code.

1.02. Allowed Claim means a Claim: (A) If no objection to the allowance thereof has been interposed within any applicable period of limitation fixed by the Code, the Rules, an order of the Court, or the Plan: (i) in the amount for which either a proof of claim has been filed with the Court within the applicable period of limitation fixed by F.R.Bankr.P. 3003, the Rules, or an order of the Court or, if (i) does not apply, then (ii) in the amount scheduled in the list of creditors prepared and filed with the Court pursuant to F.R.Bankr.P. 1007(b), as such may be amended pursuant to F.R.Bankr.P. 1009 prior to the Confirmation Date, and not listed therein as disputed, contingent, or unliquidated. (B) If an objection to the allowance thereof has been

1

interposed, within any applicable period of limitation fixed by the Code, the Rules, an order of the Court, or the Plan, in the amount determined by the Court by a Final Order allowing the Claim.

1.03. Allowed Interest means the shareholder's interest in the Debtor.

1.04. Allowed Secured Claim means an Allowed Claim that is secured by a lien on property in which the Debtor's estate has an interest, to the extent of the value of such property that is available to such claimant.

1.05. Allowed Unsecured Claim means an Allowed Claim to the extent that it is not an Allowed Secured Claim.

1.06. Case means this bankruptcy case, #05-12322-SSM.

1.07. Claim means any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, against the Debtor that existed on or as of the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

1.08. Code means the Bankruptcy Code, 11 U.S.C. § 101 et seq., and any amendments thereof, *except* those effective October 17, 2005, which were part of the "Bankruptcy Abuse Prevention and Consumer Protection Act of 2005."

1.09. Confirmation Date means the date upon which the order of confirmation has been both entered by the Court and docketed by the clerk.

1.10. Court means the U.S. Bankruptcy Court for the Eastern District of Virginia.

1.11. Creditor means a person holding a claim.

1.12. Debtor means Commercial Services Group, Inc.

1.13 Effective Date means the date eleven (11) days following the Confirmation Date; provided, however, that (a) if the eleventh day following the Confirmation Date falls on a Saturday, Sunday, legal holiday, or other day on which the Court is closed, then the Effective Date shall be on the first business day thereafter, and (b) if any act required to be performed on the Effective Date, or if any condition required to exist on the Effective Date, cannot be performed or made to exist due to the existence of a court order staying or otherwise precluding execution of the Plan or any part thereof then the Effective Date shall be eleven (11) days after the date of entry of a Final Order nullifying, vacating, or otherwise modifying such stay to permit performance.

1.14 Final Order means an order of a court as to which any appeal that has been or may be taken has been resolved or as to which the time for appeal (including any applicable extensions which might be available), or further appeal, or petition for a writ of certiorari, has expired.

1.15 Order of Confirmation means the order entered by the Court confirming the Plan.

1.16 Person includes an individual, corporation, partnership, joint venture, trust, estate, unincorporated organization, or a government or any agency or political subdivision thereof.

1.17 Petition Date means the date on which the Debtor filed its voluntary petition under chapter 11 of the Code, which was June 17, 2005.

1.18 Plan means this Plan of Reorganization, including any amendments or modifications in accordance with the terms hereof, the Code, the Rules, or any order of the Court.

1.19 Post-petition Creditor means a person holding a claim, except that it has accrued after the Petition Date, but who has not received allowance of such Claim with administrative priority under § 503 of the Code.

1.20. Professional Person means a Person that has been employed as a professional in the Case.

1.21. Rules means the Federal Rules of Bankruptcy Procedure, as supplemented and/or modified by the local bankruptcy rules as adopted by the Court and as they may be amended from time to time.

## ARTICLE 2
## TREATMENT OF UNCLASSIFIED CLAIMS

2.01. <u>Administrative Claims</u>

As of the Confirmation Date, the Debtor will have one unpaid Administrative Claims: to Debtor's counsel in the amount of $13,666.98 (as of April 1, 2006). This Administrative Claim will be paid in full within twelve (12) months of the Effective Date, or upon such other terms as may be agreed upon between the administrative claimants and the Debtor. Notwithstanding the foregoing, however, post-petition fees, costs, and disbursements to professional persons on account of services accruing prior to the Confirmation Date shall be the subject matter of applications to the Court for allowance in the manner prescribed by the Code, Rules, and applicable orders of the Court. Any professional person may apply to the Court for the interim allowance and payment of fees, costs, and disbursements at any time and from time to time, and the Debtor may pay any such interim allowances before the Effective Date after the entry of a Final Order permitting such payment.

2.02. <u>Quarterly Fees Under 28 U.S.C. 1930(a)(6)</u>

Post-confirmation and until the entry of a Final Order closing the Case, the Debtor will continue to pay accruing quarterly fees to the Office of the U.S. Trustee.

## **ARTICLE 3**
## **CLASSIFICATION AND TREATMENT OF OTHER CLAIMS AND INTERESTS**

3.01. Class 1 —<u>The Allowed Secured Claim of John Deere Construction & Forestry Company</u>. The Class 1 Claim is the allowed secured claim of John Deere Construction and Forestry Company (hereafter "John Deere") for $18,731.00, the unpaid balance for equipment purchased from John Deere. The Class 1 claim will be fully satisfied by the payment in accordance with the Forbearance Agreement dated April 4, 2006, between John Deere and the Debtor. A copy of the Forbearance Agreement is attached to this Plan.

The Class 1 Claim of John Deere is impaired.

3.03. <u>Class 3 - Allowed Unsecured Claims</u>. The Class 3 Claims consist of the Allowed Unsecured Nonpriority Claims. There are seven (7) such claims, totaling $87,391.39. This class will be paid twenty-five (25%) percent of their claims within sixty (60) days after Confirmation. This payment will be guaranteed by Tom Love.

The Class 3 Claims are impaired.

3.03. <u>Class 3—Allowed Interests</u>. Tom Love shall retain his 100% ownership interest in the Debtor post-confirmation.

# ARTICLE 4
# MEANS FOR EXECUTION OF THE PLAN

The source of the funds to be distributed pursuant to the Plan will be the Debtor's earnings from its business operations.

# ARTICLE 5
# CLAIMS AND DISTRIBUTION MATTERS

5.01. The Debtor or any party who may receive distributions under the Plan may file objections to Claims until 60 days after the Effective Date but not thereafter.

5.02. Distributions and deliveries to holders of Allowed Claims shall be made at the address of each such holder as set forth in its allowed proof of claim or, if none, at such holder's address set forth in the schedules prepared and filed with the Court, pursuant to F.R.Bankr.P. 1007(b), or at such later address as has been made known to the Debtor in writing, pursuant to §10.01(c) of the Plan.

5.03. If any holder's distribution is returned from the address applicable under § 10.01 of the Plan as undeliverable, then such returned distribution shall be held by the Debtor subject to the Allowed Claim of such holder. Such returned distribution shall be distributed as follows: (a) if the Debtor is notified of such holder's then current address or the holder is otherwise found within 90 days after the distribution has been returned as undeliverable, then any returned distributions (without interest) shall be delivered to the holder in accordance with § 5.02 of the Plan; but (b) all returned distributions that remain unclaimed more than 90 days after the distribution has been returned as undeliverable shall revert to the Debtor free and clear of the Allowed Claim of such holder and no further distributions shall be made to the holder whose distribution was returned, provided that Debtor shall make inquiry of the post service if the holder has given the postal service an alternative mailing address.

5.04. <u>Disputed. Unliquidated and Contingent Claims</u>.  Notwithstanding any other provision of the Plan specifying a date or time for payment or distribution hereunder, payments in respect of any claim which at such date or time is disputed, unliquidated or contingent shall not be made until such claim becomes an Allowed Claim, whereupon such payment and distribution shall be made promptly in accordance with the Plan, as if no objection had been filed to such claim. If any claim is not allowed on such date, the Disbursement Officer shall establish a reserve for such claim and hold the reserve until the claim is allowed or disallowed, whereupon the reserve shall be disbursed in accordance with the Order of this Court.

## ARTICLE 6
## AMENDMENTS AND WAIVERS

Except as otherwise specifically set forth in the Plan, any term of the Plan may be amended and the observance of any term of the Plan may be waived (either generally or in a particular instance and either retroactively or prospectively) with the consent to such amendment or waiver by the holders of 51% of the amount of Allowed Claims affected by such amendment or waiver.

## ARTICLE 7
## EXECUTORY CONTRACTS

The Debtor hereby assumes all executory contracts that have not previously been rejected.

## ARTICLE 8
## EFFECT OF CONFIRMATION

8.01. Upon entry of the Order of Confirmation, the provisions of the Plan bind the Debtor and all of its Creditors and equity security holders, whether or not the Claim or interest of such

Creditor or equity security holder is impaired under the Plan and whether or not such Creditor or equity security holder has accepted the Plan.

8.02. Except as otherwise provided in the Plan or the Order of Confirmation, the confirmation of the Plan vests all of the property of the estate in the Debtor free and clear of all Claims, liens, and interests of Creditors and equity security holders.

8.03. Except as otherwise provided in the Plan or the Order Of Confirmation, the confirmation of the Plan discharges the Debtor from any debt that arose before the Confirmation Date and any debt of a kind specified in section 502(g), 502(h), or 502(i) of the Code, and terminates all rights and interests of equity security holders.

# ARTICLE 9
# RETENTION OF JURISDICTION

9.01. Upon confirmation, the Debtor shall be vested with all Debtor's property subject only to the terms of the Plan.

9.02. The Court shall retain jurisdiction in the Case until completion of the Plan to:

    (a) classify the Claim of any Creditor and re-examine Claims that were allowed for purposes of voting, and to determine such objections as may be filed to the Claims of Creditors. The failure by the Debtor to object to or examine any Claim for purposes of voting, shall not be deemed to be a waiver of the Debtor's right to object to or re-examine the Claim in whole or in part.

    (b) estimate contingent or unliquidated claims.

(c) determine all causes of action, controversies, disputes, and conflicts arising prior to the Effective Date involving either the Debtor or its assets and any other party, including but not limited to any right of the Debtor to recover assets pursuant to the provisions of the Code.

(d) determine adversary proceedings arising under the Code seeking to avoid preferences, fraudulent conveyances, or otherwise to recover money or property for the estate. The Debtor retains the exclusive right to file such avoidance or turnover actions under the Code until 90 days after the Effective Date but not thereafter. The Debtor's failure to reference any such actions in the Plan or the accompanying disclosure statement shall not be deemed to be a waiver of the Debtor's right to pursue such actions.

(e) remedy any defect, to cure any omission, or to reconcile any inconsistency in the Plan or in any order of the Court as may be necessary to carry out the purposes and intent of the Plan; and to interpret and enforce the terms and conditions of the Plan, including any agreement for satisfaction of an Allowed Claim.

(f) determine the validity, extent, and/or priority of any liens against the Debtor's assets.

(g) determine under the Code the amount of any tax, fine, or penalty relating to a tax, or any addition to a tax.

(h) fix compensation of Professional Persons and other Administrative Claims.

(i) modify the Plan after confirmation to the extent authorized by §§1127 and 105 of the Code.

(j) enter a Final Order closing the Case.

9.03. Except as provided in this Article, the Court's jurisdiction shall terminate as to the Case on the Effective Date.

## ARTICLE 10
## MISCELLANEOUS

10.01. <u>Notices</u>. All notices required or permitted to be made in accordance with the Plan shall be in writing and shall be delivered personally or by facsimile, or mailed by registered or certified mail with return receipt requested as follows:

(a) If to the Debtor, then to Richard J. Stahl, Esq, Stahl, Forest & Zelloe, P.C., 11350 Random Hills Road, Suite 700, Fairfax, VA 22030.

(b) If to a holder of an Allowed Claim, then at the address set forth in its allowed proof of claim or, if none, at such holder's address set forth in the schedules prepared and filed with the Court pursuant to F.R.Bankr.P. 1007(b); and

(c) Notice shall be deemed given when received. Any Person may change the address at which it is to receive notices under the Plan by sending written notice pursuant to the provisions of this section to the Person to be charged with the knowledge of such change.

10.02. <u>Revocation of Plan</u>.  The Debtor reserves the right to revoke and withdraw the Plan prior to entry of an Order of Confirmation. If the Debtor revokes or withdraws the Plan, or if confirmation of the Plan does not occur, then the Plan shall be deemed null and void and nothing contained herein shall be deemed to constitute a waiver or release of any Claim by or against the Debtor or any other Person or to prejudice in any manner the rights of the Debtor or any Person in any further proceeding involving the Debtor.

10.03. <u>Default</u>.  The Debtor's failure to pay when due any payment provided for by this Plan, which failure is not cured or alternative arrangements not made within sixty (60) days after

notice of default to Debtor and his counsel, shall constitute an event of default under this Plan. Failure to declare a default does not constitute a waiver to declare that the Debtor is in default in the future.

Upon default in the Plan, the entire liability, together with any unpaid current liabilities, shall become due and payable immediately.

10.04. <u>Reservation of Rights</u>. Neither the filing of the Plan, nor any statement or provision contained herein, nor the taking by any Creditor of any action with respect to the Plan shall (a) be or be deemed to be an admission against interest; and (b) until the Confirmation Date, be or be deemed to be a waiver of any rights which any Creditor may have against either the Debtor, its property, or any other Creditor of the Debtor; and until the Confirmation Date all such rights are specifically reserved. In the event that the Confirmation Date does not occur, neither the Plan nor any statement contained herein may be used or relied upon in any manner in any suit, action, proceeding, or controversy within or outside of the Case involving the Debtor.

10.05. <u>Objections to Claim; Filing Administrative Claims.</u> The Debtor may file and prosecute such objections to the allowance of any claim as it shall deem advisable. The objection of any party in interest to any claim shall be filed by no later than sixty (60) days after the Effective Date. All administrative claims must be filed within sixty (60) days of the date of confirmation of the Plan. If no objection is filed to a claim as filed or scheduled, as the case may be, such claim shall be deemed to be an Allowed Claim in the amount set forth in the schedules as filed or as approved by the Court, as the case may be.

10.06. <u>Payment of Disputed Claims.</u> In the event an objection is filed to any claim and is not resolved before thirty (30) days after the Effective Date, no distributions shall be made on account of such claim until such claim becomes an Allowed Claim.

COMMERCIAL SERVICES GROUP, INC.
                                        By Counsel


*/s/ Richard J. Stahl*
RICHARD J. STAHL, ESQ  VSB#9129
Stahl, Forest & Zelloe, P.C.
11350 Random Hills Road, Suite 700
Fairfax, VA 22030
Tel: (703) 691-4940
Fax: (703) 691-4942
r.stahl@sfzlaw.com
Counsel for Debtor

Date of Plan: April 28, 2006